**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Dwayne Hill, | No. CV-20-00603-PHX-GMS (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motions to Appeal of Magistrate Judge Decision to District Court (Doc. 151), (Doc. 176). For the reasons below, Both appeals are denied.

## BACKGROUND

Plaintiff is an inmate who is suing a corrections officer for defamation. His complaint alleges that the corrections officer made public allegations about Plaintiff's sexual orientation after he felt Plaintiff expressed an interest in a nurse who worked in the jail. Plaintiff claims these allegations were incorrect and may put Plaintiff at risk among his fellow inmates. Thus, Plaintiff filed this lawsuit.

Currently at issue before the Court are Plaintiff's Appeals of the Magistrate Judge's Orders at (Doc. 134) and (Doc. 174). The first order, (Doc. 134), denied Plaintiff's untimely motions for subpoenas for the nurse, (Doc. 123), and the Arizona Department of Corrections ("ADOC"), (Doc. 125). The court first set a discovery schedule in May 2021, which called for the close of discovery on September 3, 2021. (Doc. 30.) However, the

court extended the deadline several times. (*See* Doc. 55 (extending deadline for written discovery to October 1, 2021)); (*see also* Doc. 94 (extending deadline for written discovery to December 13, 2021).) On September 10, 2021, Plaintiff filed a motion to access the nurse's address, which the court rejected on September 30, 2021, stating "Plaintiff must say why he is seeking the information she has and how he would like to obtain it, such as with a deposition or subpoena." (Doc. 80 at 2.) On October 27, 2021, Plaintiff asked the Defendants, or in the alternative, the court, to contact the nurse on his behalf. On November 1, 2022, the court rejected this request, and soon thereafter, the December deadline to serve written discovery lapsed. However, Plaintiff filed both motions at issue in late February 2022 because he claims that he was not sent Defendants' responses, could not access his legal files from November 2021 to February 2022, and was unaware of the medical diagnosis that made his ADOC subpoena necessary until the end of January 2022. Both motions were denied as untimely.

The second order (Doc. 174) denied Plaintiff's Motion for Spoilation Sanctions (Doc. 126) because sanctions were not "warranted under either the [c]ourt's inherent authority or under Federal Rule of Civil Procedure 37(e)." (Doc. 174 at 1.) Effectively, Plaintiff requested videos to support his allegations that officers refused to move him to another cell or provide him with cleaning supplies after another inmate "flooded his cell with urine and feces." (Doc. 174 at 2.) Videos from two dates could not be found, and so Plaintiff alleged that Defendants "intentionally deprived him of the videos," and, as a result, he requested the court impose various sanctions including, "[a] request[] the [c]ourt enter judgment in his favor, presume the lost videos were unfavorable to the Defendants, order Defendants to pay him, and 'instruct the jury it may or must presume the video footage was unfavorable to the Defendants.'" (*See* Doc. 174 at 2 (quoting Doc. 126 at 1).) But, in order for the court to impose sanctions pursuant to its inherent authority or to satisfy the sanctions standard set out in Fed. R. Civ. P. 37(e), Plaintiff needed to show that Defendants had the intent to deprive him of the videos. Finding that Plaintiff failed to make this showing, the court denied his motion.

## DISCUSSION

### I. Legal Standard

Under 28 U.S.C. § 636(b)(1)(A), a district court only overturns a Magistrate Judge's non-dispositive order if it is contrary to law or clearly erroneous. *See also* Fed. R. Civ. P. 72(a). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "The clearly erroneous standard . . . is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Jones v. Corr. Corp. of Am.*, No. CIV-10-2769-PHX-RCB(JRI), 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (quoting *Moore v. Garnand*, No. CV1900290TUCRMLAB, 2022 WL 992662, at *1 (D. Ariz. Apr. 1, 2022)).

### II. First Order (Doc. 134)

The Court finds the first order (Doc. 134) is neither contrary to law nor clearly erroneous. To start, the holding was not contrary to law. There are no specific deadlines for discovery in the Federal Rules of Civil Procedure or any other statutory authority. Thus, a court's scheduling order "controls the course of the action unless the court modifies it." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020). Where a motion to compel is untimely, courts may analyze the following factors to assess whether it should be permitted: "[sic] (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *Rogers v. Brauer L. Offs., PLC*, No. CV-10-1693-PHX-LOA, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011). Ultimately, a court may weigh the factors within its "broad discretionary power to control discovery." *Agha-Khan v. Pac. Cmty. Mortg. Inc.*, No. 2:16-CV-01124-JCM-NJK, 2017 WL 10489852, at *1 (D. Nev. July 25,

2016) citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Magistrate Judge properly exercised his discretion in setting and adhering to the court's scheduling order. Further, the Magistrate Judge considered some of the discretionary factors when denying Plaintiff's motions, e.g., whether the deadline was extended (it was), the age of the case (over two years old), and the length of time since the expiration of the deadline (several months). (Doc. 80 at 2.) Nothing in the filings suggests that the court applied an incorrect legal standard or misapplied relevant statutes, case law, or rules of procedure. Therefore, the order is not contrary to law.

The Magistrate Judge's order was also not "clearly erroneous." The court's discovery deadlines were clear, and Plaintiff had ample time to file his motions for subpoenas. And, at least with respect to his subpoena of the nurse, the Magistrate Judge gave Plaintiff multiple opportunities to correct his filings and provided explicit instructions about how Plaintiff should style his motion. Likewise, the Magistrate Judge considered Plaintiff's argument that he received a relevant diagnosis after the discovery deadline lapsed. However, because the proceedings had been ongoing for over two years, the Judge was not persuaded that Plaintiff's motion should be permitted. In light of the highly deferential standard of review, the Court will not re-evaluate the Magistrate Judge's assessment of these facts because his assessment does not raise "a definite and firm conviction that a mistake has been committed." In other words, it is not clearly erroneous.

Thus, Plaintiff's Motion to Appeal of Magistrate Judge Decision to District Court (Doc. 151) is denied.

**III.    Second Order (Doc. 174)**

The Magistrate Judge's second order (Doc. 174) is also neither contrary to law nor clearly erroneous. In the Ninth Circuit, a court has the inherent authority to impose sanctions for bad faith, willfulness, or "fault by the offending party." *Pettit v. Smith,* 45 F. Supp. 3d 1099, 1111–12 (D. Ariz. 2014) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Co.*, 982 F.2d 363, 368 n.2 (9th Cir.1992)). To show sanctions are warranted, Plaintiff must establish: "(1) that the party having control over the evidence had an

obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 997 (N.D. Cal. 2012). Where evidence is lost for an innocent or merely negligent reason, requests for sanctions may be rejected. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002).

The requirements under Rule 37(e) are fairly similar. Rule 37(e) dictates that a court may impose sanctions when electronic information that should have been stored in anticipation of litigation was lost because a "party failed to take reasonable steps to preserve it." Fed. R. Civ. P. 37(e). However, sanctions are appropriate only where the electronically stored information cannot be replaced through additional discovery, and the loss of information prejudiced the opposing party. *Id.* And even then, a court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). More severe sanctions, like case dismissal, can only be imposed where it is shown that a party acted with an "intent to deprive another party of the information's use in the litigation." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022).

Here, the Magistrate Judge found that Plaintiff failed to show more than mere negligence. Witnesses testified that the relevant parties did not know when or how the videos went missing. In light of this testimony, the court noted that evidence "did not evince [] a purposeful intent to destroy the videos, let alone" an intent to destroy "the videos to deprive Plaintiff the ability to use them as evidence in this action." (Doc. 174 at 5.) As a result, the court held that Plaintiff failed to prove the culpable mental state needed to impose sanctions via the court's inherent authority or under Rule 37(e). This analysis is correct—it comports with the well-established law and rules of procedure outlined above, and Plaintiff has not presented compelling arguments that suggest otherwise. Therefore, the Magistrate Judge's second order is not contrary to law.

Finally, the second order is not clearly erroneous. Plaintiff merely alleges that he

told Defendants he needed the video footage and that they did not store the footage, which was at odds with the Maricopa County Sheriff's Office's policy of holding "all video footage for 6 months." (Doc. 126 at 5.)  However, Plaintiff presents no evidence that suggests Defendants acted with an intent to deprive him of the opportunity to use the video footage in litigation, nor does he establish that he would have been unable to establish the point for which he sought the videos through other means.  The Magistrate Judge's order, therefore, reflects an accurate understanding of the facts at issue and is not clearly erroneous.

Thus, Plaintiff's Motion to Appeal of Magistrate Judge Decision to District Court (Doc. 176) is also denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Appeal of Magistrate Judge Decision to District Court (Doc. 151) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Appeal of Magistrate Judge Decision to District Court (Doc. 176) is **DENIED**.

Dated this 17th day of November, 2022.

_____
G. Murray Snow
Chief United States District Judge